1 | JAMES C. OTTESON, State Bar No. 157781
jim@agilityiplaw.com
2 | MICHELLE G. BREIT, State Bar No. 133143
mbreit@agilityiplaw.com
3 | AGILITY IP LAW, LLP
149 Commonwealth Drive
4 | Menlo Park, CA 94025
Telephone: (650) 227-4800
5 | Facsimile: (650) 318-3483

6 | Attorneys for Plaintiffs
TECHNOLOGY PROPERTIES LIMITED LLC
7 | and PHOENIX DIGITAL SOLUTIONS LLC

8 | CHARLES T. HOGE, State Bar No. 110696
choge@knlh.com
9 | Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300
10 | San Diego, CA 92101
Telephone: (619) 231-8666
11 |
Attorneys for Plaintiff
12 | PATRIOT SCIENTIFIC CORPORATION

**E-FILING**

**FILED**

JUL 24 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**ADR**

13 | **UNITED STATES DISTRICT COURT**

14 | **NORTHERN DISTRICT OF CALIFORNIA**

15 | TECHNOLOGY PROPERTIES LIMITED
LLC, PHOENIX DIGITAL SOLUTIONS
16 | LLC, and PATRIOT SCIENTIFIC
CORPORATION,
17 |
| Plaintiffs,
18 |
19 | vs.
20 | NOVATEL WIRELESS, INC.,
| Defendant.
21 |

Case No. **CV 12-03879**

**COMPLAINT FOR PATENT
INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

22 |

23 | Technology Properties Limited LLC ("TPL"), Phoenix Digital Solutions LLC ("PDS")

24 | and Patriot Scientific Corporation ("PTSC") (collectively "Plaintiffs") hereby allege for their

25 | Complaint for Patent Infringement ("Complaint") against Defendant Novatel Wireless, Inc.

26 | ("Defendant") on personal knowledge as to their own actions and on information and belief as to

27 | the actions of Defendant, as follows:

1

COMPLAINT FOR PATENT INFRINGEMENT

**PARTIES**

1.     Plaintiff Technology Properties Limited LLC is a California limited liability company with its principal place of business at 20883 Stevens Creek Blvd., Suite 100, Cupertino, California 95014.

2.     Plaintiff Phoenix Digital Solutions LLC is a Delaware limited liability company with its principal place of business at 20883 Stevens Creek Blvd., Suite 100, Cupertino, California 95014.

3.     Plaintiff Patriot Scientific Corporation is a Delaware limited liability company with its principal place of business at 701 Palomar Airport Road, Suite 170, Carlsbad, California 92011.

4.     On information and belief, Defendant Novatel Wireless, Inc. is a Delaware corporation with a principal place of business at 9645 Scranton Road, Suite #205, San Diego, California 92121.

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

5.     This is an action for damages and injunctive relief based on patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

7.     On information and belief, Defendant has transacted business in this District, contracted to supply goods or services in this District directly or through its agents, has offered for sale, sold and/or advertised its products and services in the this District, and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of California. This Court has jurisdiction over Defendant because Defendant has committed acts of patent infringement during the course of its business in this District.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and (b) and 28 U.S.C. § 1391.

2

COMPLAINT FOR PATENT INFRINGEMENT

1    9.    This matter is an intellectual property action and is not subject to intradistrict

2  assignment under Civil L.R. 3-2(c).

3  ## THE ASSERTED PATENTS

4  ### The '749 Patent

5    10.    United States Patent No. 5,440,749 ("the '749 Patent), entitled "High

6  Performance, Low Cost Microprocessor Architecture," issued on August 8, 1995 to Charles H.

7  Moore and Russell H. Fish, III. A true and correct copy of the '749 Patent is attached as Exhibit

8  A to this Complaint.

9    11.    The '749 Patent teaches a processor that fetches multiple instructions at a time,

10 and then supplies them to the CPU's instruction register in parallel during the same memory

11 cycle they are fetched. Since memory is generally slower than the CPU, being able to fetch and

12 supply more than one instruction at a time increases the number of instructions the CPU can

13 receive in a given time, and thus increases instruction bandwidth.

14    12.    Plaintiffs TPL, PDS and PTSC collectively hold all substantial rights to the '749

15 Patent.

16  ### The '890 Patent

17    13.    United States Patent No. 5,530,890 ("the '890 Patent"), entitled "High

18 Performance, Low Cost Microprocessor," issued on June 25, 1996 to Charles H. Moore and

19 Russell H. Fish, III. A true and correct copy of the '890 Patent is attached as Exhibit B to this

20 Complaint.

21    14.    The '890 Patent teaches a dual stack architecture and the use of stack pointers that

22 can reference memory in any location to provide more architectural flexibility and faster access

23 to data elements. A stack architecture is sometimes analogized to a spring-loaded stack of plates

24 of the kind used in a restaurant. The last plate placed (or "pushed") on the top of the stack is the

25 first plate removed (or "popped") off the stack when needed. Like plates, data elements can be

26 "pushed" onto or "popped" off the stack. However, by using a "stack pointer," the CPU does not

27 need to be an actual top-to-bottom "spring-loaded" stack. Instead, the stack pointer keeps track

3

1 of where the "top of stack" item is in a "virtual stack," so it can be accessed directly as if it were

2 on the "top." Combining this with other features, such as a memory controller and direct

3 memory access, the '890 Patent allows the CPU to off-load memory transfer of data to achieve

4 further efficiencies and higher performance.

5     15.     Plaintiffs TPL, PDS and PTSC collectively hold all substantial rights to the '890

6 Patent.

7 **The '336 Patent**

8     16.     United States Patent No. 5,809,336 ("the '336 Patent"), entitled "High

9 Performance Microprocessor Having Variable Speed System Clock," was duly and legally issued

10 on September 15, 1998 to Charles H. Moore and Russell H. Fish, III. A true and correct copy of

11 the '336 Patent is attached as Exhibit C to this Complaint.

12     17.     The '336 Patent teaches the use of two independent clocks in a microprocessor

13 system: (1) an on-chip clock to time the CPU; and (2) a second independent clock to time the

14 input/output (I/O) interface. This innovation was widely adopted by the industry and became

15 fundamental to the increased speed and efficiency of modern microprocessors. Decoupling the

16 system clock from the I/O clock allows the clocks to run independently (or "asynchronously").

17     18.     Plaintiffs TPL, PDS and PTSC collectively hold all substantial rights to the '336

18 Patent.

19 **COUNT I**

20 **INFRINGEMENT OF THE '749 PATENT**

21     19.     Plaintiffs reallege and incorporate herein by reference the allegations contained in

22 paragraphs 1-18.

23     20.     On information and belief, without a license or permission from Plaintiffs,

24 Defendant has infringed and continues to infringe at least claim 1 of the '749 Patent.

25 Defendant's infringing activities in the United States and in this District include importing,

26 making, using, offering to sell, and/or selling products and devices that embody and/or practice

27 the patented invention, including but not limited to MiFi 2372.

4

COMPLAINT FOR PATENT INFRINGEMENT

1    21.    On information and belief, Defendant's direct infringement of the '749 Patent has
2  caused and continues to cause substantial damage to Plaintiffs.

3    22.    On information and belief, Defendant's direct infringement of the '749 Patent has
4  been and continues to be willful and deliberate, entitling Plaintiffs to enhanced damages and
5  attorneys' fees.

6                                    **COUNT II**

7                       **INFRINGEMENT OF THE '890 PATENT**

8    23.    Plaintiffs reallege and incorporate herein by reference the allegations contained in
9  paragraphs 1-22.

10    24.    On information and belief, without a license or permission from Plaintiffs,
11  Defendant has infringed and continues to infringe at least claim 7 of the '890 Patent.
12  Defendant's infringing activities in the United States and in this District include importing,
13  making, using, offering to sell, and/or selling products and devices that embody and/or practice
14  the patented invention, including but not limited to the MiFi 2372.

15    25.    On information and belief, Defendant's direct infringement of the '890 Patent has
16  caused and continues to cause substantial damage to Plaintiffs.

17    26.    On information and belief, Defendant's direct infringement of the '890 Patent has
18  been and continues to be willful and deliberate, entitling Plaintiffs to enhanced damages and
19  attorneys' fees.

20                                    **COUNT III**

21                       **INFRINGEMENT OF THE '336 PATENT**

22    27.    Plaintiffs reallege and incorporate herein by reference the allegations contained in
23  paragraphs 1-26.

24    28.    On information and belief, without a license or permission from Plaintiffs,
25  Defendant has infringed and continues to infringe, induced others to infringe and continues to
26  induce others to infringe, and/or has committed and continues to commit acts of contributory
27  infringement, literally or under the doctrine of equivalents, at least claim 1 of the '336 Patent.

                                          5
COMPLAINT FOR PATENT INFRINGEMENT

1    Defendant's infringing activities in the United States and in this District include importing,
2    making, using, offering to sell, and/or selling products and devices that embody and/or practice
3    the patented invention, including but not limited to the MiFi 2372, and contributing to, and
4    inducing consumers and users to make and use the patented invention and to practice the claimed
5    methods.

6        29.     On information and belief, Novatel Wireless induces others to infringe at least
7    claim 1 of the '336 Patent by encouraging and facilitating others to perform actions known by
8    Novatel Wireless to infringe and with the intent that performance of the actions will infringe.
9    TPL provided Novatel Wireless notice of the '336 Patent by letter (with an enclosed disk
10   identifying the MMP patents) dated March 17, 2008.

11       30.     On information and belief, Novatel Wireless induces consumers to make and use
12   the claimed inventions and to practice the claimed methods by (i) providing the MiFi 2372 with a
13   USB input/output interface for connecting the accused devices to a peripheral device, the
14   peripheral device having a clock independent of the CPU clock (*e.g.*, ring oscillator) connected
15   to the central processing unit on the microprocessors of the MiFi 2372, and (ii) instructing
16   consumers to connect the accused products to a peripheral device such that the combination
17   includes each element of the asserted apparatus claims of the '336 Patent and use of the
18   combination, as intended, practices each of the elements of at least claim 1 of the '336 Patent.

19       31.     On information and belief, consumers make and use the claimed inventions and
20   practice the claimed methods by using the MiFi 2372 in combination with a peripheral device
21   having a clock that originates clock signals from a source other than the clock connected to the
22   central processing unit on the microprocessors of the MiFi 2372, thereby directly infringing at
23   least claim 1 of the '336 Patent.

24       32.     On information and belief, Defendant's direct, induced and/or contributory
25   infringement of the '336 Patent has caused and continues to cause substantial damage to
26   Plaintiffs.

27

1        33.    On information and belief, Defendant's direct, induced and/or contributory

2  infringement of the '336 Patent has been and continues to be willful, entitling Plaintiffs to

3  enhanced damages and attorneys' fees.

4                                **PRAYER FOR RELIEF**

5        WHEREFORE, Plaintiffs Technology Properties Limited, Phoenix Digital Solutions

6  LLC, and Patriot Scientific Corporation pray for judgment and relief as follows:

7        A.    A judgment that Defendant has infringed one or more claims of the Asserted

8  Patents;

9        B.    An award of damages in an amount adequate to compensate Plaintiffs for

10  Defendant's infringement of the Asserted Patents;

11       C.    A declaration that Defendant's infringement of the Asserted Patents was willful

12  and that this case is exceptional pursuant to 35 U.S.C. § 285;

13       D.    An award of Plaintiffs' costs, expenses and attorneys' fees incurred in bringing

14  and prosecuting this action;

15       E.    An award of enhanced damages resulting from Defendant's willful infringement,

16  and all other categories of damages allowed by 35 U.S.C. § 284;

17       F.    An award of pre-judgment interest; and

18       G.    Such other and further relief as this Court may deem just and appropriate.

19                        **DEMAND FOR JURY TRIAL**

20        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury

21  trial as to all issues so triable.

22  Dated: July 24, 2012                Respectfully submitted,

23                               AGILITY IP LAW, LLP

24

25                               James C. Otteson

26                               Attorneys for Plaintiffs
                                     TECHNOLOGY PROPERTIES LIMITED LLC

27                               and PHOENIX DIGITAL SOLUTIONS LLC

7

COMPLAINT FOR PATENT INFRINGEMENT

1

KIRBY NOONAN LANCE & HOGE LLP

2

/s/ Charles T. Hoge
Charles T. Hoge

3

4

Attorneys for Plaintiff
PATRIOT SCIENTIFIC CORPORATION

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**8**

COMPLAINT FOR PATENT INFRINGEMENT